(85 Misc. Rep. 476.)

## MIERS v. MIERS.

(Supreme Court, Special Term, New York County. July, 1901.)

DIVORCE—SEPARATION—SUPPORT—ALIMONY—POLICE COURTS—JURISDICTION.
Where a wife brings an action for separation and for support, and her affidavits indicate that her husband's conduct towards her has justified her in leaving him, and entitled her to live apart from him, the rule that she should apply to the police courts for support will not be applied, since, under the case-made, she is entitled to alimony as distinguished from mere support, and to a counsel fee to prosecute her action; which relief the police courts have no jurisdiction to give.

Action by Lena Miers against Samuel Miers for separation and support. Motion for alimony and counsel fees granted.

Alexander Rosenthal, for plaintiff.
Charles L. Hoffman, for defendant.

BLANCHARD, J. This is a motion for counsel fee and alimony in an action brought by the wife against the husband for separation and support out of his property. They intermarried in 1873. Eight children have been born of the union, three of whom are now deceased, and the five remaining are self-supporting. A score and a half of affidavits are presented on the motion. Those on the part of the wife reveal a story of neglect and cruelty by the husband, beginning three or four years after their marriage, and continuing to a recent date, which no wife should be required to endure, and no self-respecting woman would tolerate. She alleges that her husband's business was that of a merchant tailor, and during the first few years of their married life she worked with him, and helped to lay the foundation of his present means, and that he is a wealthy man, the owner of real estate, and for many years transacted a large business, is interested in local politics, and poses as a rich and influential citizen, and spending upon himself for his own pleasure $10 or $15 per day. She specifically alleges: That during their married life they have moved upwards of 30 times, and all the labor of fixing up the new home has fallen upon her. That for 25 years, although financially able to do so, he never kept a servant for her, and for years at a time came in and went out of the house without speaking to her, and treating her as a servant. In 1877 he stayed away from home three months without provocation, sending her $7 per week for the support of herself and two children. In 1893 he remained away ten months without provocation, and sent her $10 per week for the support of herself and five children. That on numerous occasions he stayed away from home for short periods, such as two weeks, three weeks, and six weeks, going and coming as he liked, and from 1897 to 1899 he never spoke to her. That during such absence he lived at a high rate and in an expensive style, and that he compelled her to live in cheap apartments, poorly furnished, with barely sufficient money for the meager necessities of life, with very little for clothing, and nothing for amusement. That he assaulted and struck her, and when in April, 1901, he reduced her allowance for the household to two dollars per week, she threw herself on the bounty of her married daughter and son-in-law, and abandoned her house, and went to live with them. Some of these alleged acts are confirmed by the affidavits of the son-in-law, two daughters, and others. The defendant interposes a general denial to nearly all of the allegations of the plaintiff, and a particular denial of many of them. He alleges that he has been a kind husband and father, provided for his family in a liberal manner, according to his means, which he claims are small; that his wife was very often out late at night, and at times remained out all night, without explanation, and he naturally found fault with such conduct; that the only explanation he can give for her leaving him is that she might have complete liberty to do as she pleased. In the mass of assertion and contradiction before me it is quite impossible to tell with accuracy wherein lies the truth, and only the sifting process of a trial will bring it to view. However, the plaintiff is entitled to an adequate fee for her counsel, to enable her to prop-

erly prepare for the trial and present her case, and to support until the trial shall determine her rights. This court has in some instances followed a special term decision of the superior court of the city of New York (Patton v. Patton, 13 Misc. Rep. 726, 35 N. Y. Supp. 250), to the effect that alimony and counsel fee should not be granted in separation cases. The foundation of that decision seems to have been another special term decision of the same court. Ruoff v. Ruoff, 35 N. Y. Supp. 251. The ground of this latter decision seems to have been that an adequate remedy exists by summary application to the police courts. Possibly in those cases ample relief could have been afforded by those courts, but in many cases the relief which those courts have the power to give is entirely inadequate. The remedies are not identical. The police courts have no authority to award a counsel fee to the attorney for the wife where she is, in a proper case, entitled to conduct a suit for a legal separation. A wife may not only be entitled to support for herself and children, but likewise to an adjudication of a competent tribunal that she may live separate and apart from her husband, and without molestation from him, where he has given the necessary cause, and in such a case she is undoubtedly entitled to be furnished with the means to conduct such suit. Again, the magistrates' courts have no power to decree that the husband shall support his wife, except where he abandons her, and in consequence she is likely to become a public charge. Greater New York Charter, § 685. It does not cover the case in which the husband, by cruel and inhuman treatment, or by a course of conduct equivalent thereto, necessitates a self-respecting woman to leave him. There the husband does not abandon the wife, but the wife abandons the husband. In the present case the course of conduct of the husband was such, in my opinion, as to justify the wife in leaving him, and the decisions cited ought not to prevent justice from being done. While they may have been correct, so far as the facts therein presented are concerned, they ought not to be broadened to the extent of becoming a principle to be adopted in all cases where alimony and counsel fee are sought in an action for separation. Each case should be judged on its own facts. In the present case my judgment is that the plaintiff should receive a counsel fee of $250 and alimony of $12 per week. The motion is granted. Motion granted.